(No. 2307—

LINDA SCHENK, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1935.*

CARL A. SWENSON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

The claimant, Linda Schenk, is the surviving widow of Henry Schenk; the latter being employed as a carpenter and sub-foreman in the Maintenance Division at Camp Grant, Illinois; his employment usually lasting from July to October. His wages were Eight Dollars ($8.00) per day. He died on the 15th day of September, 1933, and plaintiff claims that his death was due to injuries resulting in an accident arising out of and in the course of his employment on the 22nd day of July, A. D. 1933. The proof fails to support the claim. A stipulation as to the testimony of Dr. Charles L. Leonard states that the latter attended Schenk in his illness; that the cause of death of said Henry Schenk was "acute

decompensation of the heart due to long standing hypertension.'' Plaintiff testified that from the 18th to the 21st of July, 1933, her husband went to work each day but that he was ''weak and all in.'' The question at issue is as to whether or not Henry Schenk suffered an accidental injury which arose out of and in the course of his employment. There is an entire absence of any evidence in the record as to any accidental injury having occurred.

The testimony of Dr. Bourland is that from examinations made by him this employee had been suffering from Arteriosclerosis over a period of more than a year prior to August 29, 1933, and that his heart condition at the latter date did not indicate anything in the nature of an acute strain or injury having occurred, but that the examination disclosed an extensive disease of the heart and blood vessels with no evidence of traumatism, which would ordinarily show in case of an injury.

The theory of plaintiff is apparently that her husband engaged in lifting and in heavy work which put an additional strain upon his heart and was a contributory factor in his death. The evidence does not support this.

A fellow-employee, John Volla, testified that he saw Henry Schenk and five or six other men lifting platforms on the 18th day of July and that evening he called on Schenk at his home and the latter was complaining of his side near the heart.

C. B. Knodle testified to seeing men working at Camp Grant on the 13th and 14th of July putting up tents ''and noticed Henry working with those men.'' Roy W. Wilson, a fellow-employee, testified that ''Schenk complained of his stomach.'' This witness further testified that he was a truck driver and helped the men in loading the tent platforms and that Schenk ''told me where to put them and which ones to take out''; further, ''that he did not see Schenk lifting platforms at any time,'' but that ''he showed me how to do the work—he told me he had trouble with his stomach.'' This witness further testified that the loading of the platforms was handled by seven or eight men and that the platforms would weigh about 500 pounds.

It appears from the testimony of Schenk's foreman, Dan Sullivan, that Schenk had stored the tent supplies in previous years and knew where they were and that the foreman in-

structed Schenk to keep the blue prints, and not to do anything but just show the men where the material was to go. The testimony in general and the evidence of the doctors disclose that the death of Henry Schenk was due to heart trouble of long standing and there is no proof by which an award under the Workmen's Compensation Act can be justified. The claim is therefore dismissed.